**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



**FILED**

MAR 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADONIS PASCUAL CALDERON-PERALTA; JESSICA YAMILETH RIOS-PEREZ; JONSIELL JAMIL CALDERON-RIOS,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2323<br><br>Agency Nos.<br>A220-194-023<br>A220-194-022<br>A220-194-021<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2024
San Francisco, California

Before: TASHIMA, RAWLINSON, and M. SMITH, Circuit Judges.

Adonis Pascual Calderon-Peralta (Calderon-Peralta), his wife Jessica

Yamileth Rios-Perez (Rios-Perez) and their minor Son Jonsiell Jamil Calderon-

Rios (Jonsiell)[1], natives and citizens of Nicaragua, petition for review of a decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Rios-Perez and Jonsiell are derivative beneficiaries of Calderon-Peralta's asylum application.

from the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) on the basis of an adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

We review the agency's adverse credibility determination for substantial evidence. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021).

Substantial evidence supports the adverse credibility determination. The agency determined that the petitioners' testimony was internally inconsistent, inconsistent with each other's testimony and inconsistent with other evidence in the record, thereby foreclosing their claims for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that an adverse credibility determination on key elements of an asylum application forecloses relief on claims for asylum and withholding of removal).

The record supports a determination that Calderon-Peralta's asserted testimony was inconsistent regarding the date and location of the asserted assault by paramilitary members.[2] Calderon-Peralta initially testified that he and Rios-Perez were assaulted by paramilitary members at her cousin's funeral in 2018.

---

[2] Rios-Perez's cousin Orlando Perez was killed in 2018 while taking part in an anti-government protest.

Calderon-Peralta later testified that the assault occurred at Orlando Perez's gravesite in 2020.

Substantial evidence also supports the determination that the evidence was inconsistent with Calderon-Peralta's testimony regarding the petitioners' moves after the alleged attack. Calderon-Peralta testified that they moved to Cerro Grande in December 2020. However Calderon-Peralta's application stated that the move occurred in April 2021.

Rios-Perez's testimony was inconsistent as well. Rios-Perez testified that her family members suffered problems after attending Orlando's funeral. However, she was unable to specify any problems suffered by family members, and the application and the declaration submitted by Calderon-Peralta contained no mention of problems suffered by her extended family.

The record also supports the determination that testimony of the two petitioners was inconsistent with each other. Calderon-Peralta initially testified that the paramilitary members asked for identification and said nothing else prior to the asserted attack. However, Rios-Perez testified that the paramilitary members threatened her after asking for identification. Calderon-Peralta then testified that he heard the paramilitary members threaten Rios-Perez.

These multiple inconsistencies support the agency's adverse credibility determination. *See Shrestha v. Holder,* 590 F.3d 1034, 1048 (9th Cir. 2010)

23-2323

(upholding adverse credibility determination when testimony was inconsistent).

Substantial evidence supports the denial of CAT protection. Calderon-Peralta's and Rios-Perez's CAT claim is premised on the same testimony the agency deemed not credible. The petitioners "point[] to no other evidence" that would support a finding that they faced a likelihood of torture if returned to Nicaragua. *Farah*, 348 F.3d at 1157.

**PETITION DENIED**.[3]

---

[3] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #2) is otherwise denied.

23-2323